O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LASC, Northwest District
Case No.: 08B77756

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 09-0005 AHM (CWx) | | Date | January 14, 2009 |
|---|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. V. MICHELLE WILSON, ET AL., 09-0005 | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS  (No Proceedings Held)

On December 3, 2008, Plaintiff filed this unlawful detainer action in state court. On January 2, 2009, Defendant, acting *in propria persona*, filed a Notice of Removal in this Court. Defendant states that this Court has jurisdiction because "Defendant's answer alleges violations of the RESPA Act 12 USC §§ 2601-2617 and the TILA (Truth-In-Lending-Act) 15 U.S.C. § 1692(a)." Notice of Removal ¶ 6.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2008). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F.Supp.2d 1041 (N.D.Cal. 2001).

In this case, the action for unlawful detainer clearly does not present a federal question and the alleged answer does not provide the basis for jurisdiction. The Notice of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-0005 AHM (CWx) | Date | January 14, 2009 |
|---|---|---|---|
| Title | DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL. V. MICHELLE WILSON, ET AL., 09-0005 | | |

Removal does not include the Answer, and even if it did Defendant states no reason why counter-claims or defenses under RESPA or TILA would permit removal. *See Fardella v. Downey Savings & Loan Ass'n,* No. 00-4393, 2001 WL 492442, at *2 (N.D. Cal. May 9, 2009) ("Since neither RESPA or TILA preempt Plaintiffs' state law claims, *see* 12 U.S.C. § 2616 & 15 U.S.C. § 1610, jurisdiction does not exist under this independent corollary.").

     The Court therefore ORDERS, *sua sponte*, that this action is remanded to the Superior Court of the State of California in the County of Los Angeles - Northwest District, for lack of jurisdiction.

|  | : |
|---|---|
| Initials of Preparer | se |